### THE STATE, DEFENDANT IN ERROR, v. GUSTAV C. F. KOEHLER, PLAINTIFF IN ERROR.

Submitted July 5, 1917—Decided November 8, 1917.

1. On the trial of an indictment for receiving stolen property, knowing it to have 'been stolen, testimony was submitted by the state, which, if true, strongly supported the conclusion that the property delivered to the defendant had been stolen and came to his hands with knowledge of that fact. *Held*, that a motion to find the defendant not guilty, submitted at the conclusion of the state's testimony, was properly denied.

2. Questions asked a witness, the purpose of which is to lay before the jury facts which are immaterial and have no bearing upon the guilt or innocence of the accused, are properly overruled.

3. On the trial of an indictment for receiving stolen goods, knowing them to have been stolen, testimony of a conversation of a witness and the defendant some six months prior to receiving the goods forming the subject-matter of the charge, which conversation embodied an offer, by the witness, to deliver goods to the defendant, and coupled with proof that subsequently the witness did deliver, at much less than their market value, the goods to the defendant at different times, and was paid therefor, bore directly upon the guilty knowledge of the defendant, and was properly admitted.

---

On error to the Essex Special Sessions.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and KALISCH.

For the plaintiff in error, *William K. Flanagan.*

For the state, *J. Henry Harrison,* prosecutor of the pleas, and *Wilbur A. Mott,* assistant prosecutor.

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The defendant was convicted before Judge Martin, in the Essex Special Sessions, on a charge of receiving stolen property, knowing it to be stolen.

Testimony was submitted on the part of the state which, if true, justified a finding of the following facts: That one Garrison, a driver for A. N. Drake & Company, delivered to the defendant at his place of business four bags of corn, one bag of scrap feed, and also a bag of Arab feed, the property of Drake & Company; that these bags of corn and feed had been put upon Garrison's truck by one Morgan, a shipping clerk of Drake & Company, in addition to the goods which Garrison was to take out and deliver to customers; that Morgan fraudulently abstracted these bags of corn and feed from the stock of his employer, in order to have them delivered to the defendant without compensation to be made to Drake & Company; that the value of this property was about $12 to $14; that Garrison left these bags of feed at Koehler's place, and so informed him, and that thereupon Koehler paid Garrison $6, which was less than fifty per cent. of the value of the property delivered; that Garrison had previously left similar bags of feed at Koehler's place on three or four different occasions, and that each time he received from Koehler a dollar a bag for what he had left; that Garrison had been watched by an agent of Drake & Company, and, after making this last delivery to Koehler, was arrested; that he was released from custody on the following day, and immediately thereafter went back to Koehler's place and said to him, "Give me $6 for that feed; they caught me, and give me $6 for that feed;" that Koehler thereupon paid him the money that was demanded.

The first ground upon which we are asked to reverse the conviction before us is that the court erred in denying the motion of the defendant, submitted at the conclusion of the plaintiff's case, to render a finding of not guilty. We think this motion was properly denied. Assuming that the court found the facts above recited, they strongly support the conclusion that the property delivered to Koehler had been stolen from Drake & Company, and that it came into the hands of the defendant with knowledge of that fact.

The second ground upon which the defendant's right to a reversal is rested is that the court erred in overruling certain questions asked on behalf of the defendant of witnesses called by him. The first of these questions was asked of the defendant's wife, and was as follows: "Do you know of your own knowledge whether or not Mr. Koehler receives a receipt for everything he pays for?" We think this question was properly excluded, because the information sought by it was immaterial. What Mr. Koehler's practice was in his ordinary course of business had no bearing upon his course when receiving stolen goods, knowing them to have been stolen (as the state claimed) and paying only a small part of their value.

The next question which it is claimed was improperly overruled was asked of the defendant's witness Chiovaro, and was as follows: "Have you ever asked Mr. Koehler to have trades people leave things at his place for you?" We think this question also was properly overruled, as it called for information with relation to a matter which had no bearing upon the question of the guilt or innocence of the defendant. The third and last question which is said to have been improperly overruled was asked of defendant's witness VanVulkum. This witness was apparently in the feed business, and the question which was excluded was this: "Did Mr. Koehler ever receive any goods for you which he paid for?" This question also was properly excluded as calling for information which had no bearing upon the question of the guilt or innocence of the defendant of the charge laid against him. Another question asked of this witness was also excluded, namely, whether he, the witness, had given Koehler a receipt for feed which he had

testified he had sold to him; but no complaint was made on the part of the defendant to the overruling of this question, and, therefore,. its exclusion cannot be taken advantage of on error, even under the one hundred and thirty-sixth section of the Criminal Procedure act. Moreover, if the matter was properly before us, we should consider that its exclusion was proper for the same reasons which, as we have already indicated, justified the overruling of the preceding questions which we have recited.

The third and fourth grounds upon which a reversal is sought are (3) lack of proof that the goods received by the defendant were stolen, and (4) that guilty knowledge on the part of the defendant that the goods he received were stolen was not proven. What we have said with relation to the propriety of the action of the trial court in denying the defendant's motion to render a finding of not guilty is dispositive of these two grounds of reversal.

The fifth ground upon which we are asked to set aside the conviction is that the state's witness Garrison was permitted, over objection, to testify as to conversations which he had had with the defendant prior to the date of the alleged commission of the crime charged against the latter. The testimony which was sought to be excluded was that some six months prior to this last delivery the witness and the defendant had a conversation in which the latter said to the witness that "any time I had a bag or so, or like that, I could leave it," and that after this conversation he had left bags of feed at different times with the defendant, and that the latter always paid him a dollar a bag. This testimony, we think, was properly admitted. It bore directly upon the question of the guilty knowledge of Koehler that the bags delivered to him on the occasion specified in the charge against him had been stolen from the owners thereof, Drake & Company.

The sixth and last ground of attack upon this conviction is that the court erred in giving judgment against the defendant and in favor of the state. What we have already said in disposing of the other grounds of reversal is dispositive of this last objection.

The judgment under review will be affirmed.